**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia


Decided: March 3, 2026


S26A0113.  SMALL v. THE STATE.


MCMILLIAN, Justice.

Appellant Gregory Small was convicted of malice murder and other charges in connection with the shooting death of Yvoris Snelling.[1]  On appeal, Small, who is proceeding pro se, argues for

---

[1] Snelling died on October 7, 2022.  On January 12, 2024, a Fulton County grand jury re-indicted Small for malice murder (Count 1), felony murder (Count 2), aggravated assault with a deadly weapon (Count 3), possession of a firearm during the commission of a felony (Count 4), and terroristic threats (Count 5).  (The original indictment contained an erroneous date.) At a trial held from January 29 through 31, 2024, a jury found Small guilty on all counts.  On February 13, 2024, the trial court sentenced Small to serve life in prison for malice murder, plus two consecutive five-year terms to serve for possession of a firearm during the commission of a felony and terroristic threats; the aggravated assault count merged with the malice murder conviction, and the felony murder count was vacated by operation of law.

Small filed a timely motion for new trial on February 9, 2024, which was amended by new counsel on February 7, 2025.  Following a hearing on March 27, 2025, at which only argument but no new evidence was presented, the trial court denied Small's motion for new trial, as amended, on April 22, 2025.  Through counsel, Small filed a timely notice of appeal the next day, and the

the first time that his constitutional due process rights were violated because he was not formally arraigned prior to trial and that his trial counsel rendered constitutionally ineffective assistance by failing to inform Small that he had a right to an arraignment and to appeal based on not being arraigned. We affirm.

1. The details of the evidence presented at trial are not relevant to Small's claims on appeal, but in summary, the evidence showed that after Tia Sanders broke up with Small for being abusive and moved in with Snelling and began dating him, Small repeatedly texted and called Sanders making threats, saying that he would shoot and kill Snelling. On the morning of October 7, 2022, after Snelling exited his home to go to work, Sanders heard multiple gunshots and looked outside to see Small's white Dodge Challenger

case was docketed in this Court as Case No. S25A1121. Because Small desired to represent himself on appeal, this Court granted Small's motion to remand for the trial court to conduct a hearing pursuant to *Faretta v. California*, 422 US 806 (1975). *Small v. State*, S25A1121 (June 17, 2025). At the conclusion of that hearing on July 15, 2025, the trial court entered an order finding that Small made a knowing, intelligent, and voluntary waiver of his right to counsel on appeal and granting his request for self-representation. Small's appeal was then re-docketed to the term of this Court beginning in December 2025 and thereafter submitted for a decision on the briefs.

speeding away. Sanders ran out to find Snelling in the driver's seat of his car, riddled with bullets. Snelling died on the scene. Additional evidence, including surveillance footage and cell phone records, further implicated Small, placing his vehicle and phone at and around Snelling's house before and during the time of the murder. Small testified in his own defense at trial and admitted he was in his Challenger outside of Snelling's house at the time of the shooting, but Small claimed that he had come to give Sanders money, fell asleep in his car, was awakened by the sound of gunshots, and immediately drove away without seeing any part of the shooting.

2. On appeal, Small argues that the trial court denied him an arraignment in violation of his due process rights. But Small never raised that issue until this appeal. Under our clearly established precedent, "'any error in the lack of arraignment was waived by [Small's] failure to raise the issue prior to the verdict.'" *Moss v. State*, 298 Ga 613, 615 (2016) (quoting *Spear v. State*, 270

3

Ga. 628, 632 (1999)). Accordingly, Small's claim fails.[2]

3.     Small also contends on appeal – again, for the first time – that his trial counsel rendered constitutionally ineffective assistance by failing to inform him of his right to be arraigned or to appeal based on denial of arraignment. But "[i]neffectiveness claims must be raised and pursued at the earliest practicable moment, which for a claim of ineffective assistance of trial counsel is at the motion for new trial stage if the defendant is no longer represented by the attorney who represented him at trial." *Patterson v. State*, 314 Ga. 167, 171 (2022). Because Small, who was no longer represented by trial counsel at the motion for new trial stage upon the filing of his amended motion for new trial, never raised this claim at that time, it is not preserved for our review. See, e.g., id.; *Washington v. State*, 313 Ga. 771, 773 (2022); *Moore v. State*, 311 Ga. 506, 513 (2021).

---

[2] We also note that even if Small had raised this issue before the verdict, the record shows that Small was aware of the charges against him, waived arraignment personally and through counsel, and pleaded not guilty to the charges, such that his due process rights were satisfied. See *Moss*, 298 Ga. at 615.

Therefore, this claim also fails.

*Judgment affirmed. All the Justices concur.*